IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

05 AUG 17 PM 3: 22

TEXAS EASTERN

BY _____

**KAREN MEADOWS,**
        Plaintiff

vs.    No. 505CV 158

**TEXAR FEDERAL CREDIT UNION,**
        Defendant

### PLAINTIFF'S ORIGINAL COMPLAINT

#### A. Parties

1. Plaintiff, Karen Meadows, is an individual who is a resident and citizen of Sims, Bowie County, Texas.

2. Defendant, Texar Federal Credit Union, is a chartered federal credit union. Defendant has its principal place of business in Texarkana, Bowie County, Texas.

#### B. Jurisdiction

3. The Court has jurisdiction over this suit because the action arises under the Family and Medical Leave Act of 1933 (FMLA), 29 U.S.C. §2601 *et seq.*

#### C. FMLA Coverage

4. Plaintiff was employed by Defendant from April of 1993 until May 6, 2005. For the last five years of her employment with Defendant, Plaintiff was the Operations Manager of Defendant's credit union facility located in Texarkana, Texas.

5. Plaintiff is covered by the FMLA because prior to May 6, 2005, she had been employed by Defendant for at least 12 months and had at least 1250 hours of service during the 12-month period immediately preceding the commencement of her FMLA leave in question.

6. Defendant is covered by the FMLA because it is engaged in commerce or in an industry affecting commerce and employs 50 or more employees for each working day during 20 or more calendar weeks in the current or preceding calendar year.

## D. Facts

7. On April 7, 2005, Plaintiff requested Defendant to grant her FMLA leave effective March 29, 2005. On April 12, 2005, Defendant granted the leave as requested by Plaintiff.

8. In its letter of April 12, 2005, granting Plaintiff the FMLA she requested, Defendant stated it considered Plaintiff a "'key employee' as described in 825.218 of the FMLA regulations." Notwithstanding this key employee designation, Defendant never provided Plaintiff with the written notice required by 29 C.F.R. §825.219(b) of the FMLA regulations explaining "the basis for the employer's finding that substantial and grievous injury will result and, if leave has commenced, [providing] the employee a reasonable time in which to return to work, taking into account the circumstances, such as the length of the leave and the urgency of the need for the employee to return."

9. On April 21, 2005, Plaintiff sent Defendant a letter stating she "would like to return to work on Tuesday, May 3, 2005" and she planned "to visit with [her] doctor about this at [her] appointment on April 28, 2005."

10. On April 29, 2005, Plaintiff's doctor faxed Defendant a report on Plaintiff stating Plaintiff was not yet able to return to work but not stating when Plaintiff would be able to return to work.

11. On May 2, 2005, Defendant sent Plaintiff a letter requesting to know her status on additional leave required.

12. On May 5, 2005, Plaintiff's doctor both telephoned and wrote Defendant stating Plaintiff was tentatively released to return to work on May 12, 2005.

13. On May 6, 2005, Defendant sent Plaintiff a letter stating:

> In the letter dated April 12, 2005, we requested, and you subsequently agreed, to provide us with periodic reports each Friday as to your status. We also requested that you contact us regarding your status in a letter dated May 2, 2005, of which you received on May 3, 2005. As of Thursday, May 5, 2005 you still have not contacted us. We must hear from you regarding your status immediately.
>
> As previously stated in our earlier correspondence, we consider you to be a "key employee". Based upon this "Key employee" status, we will be moving forward in filling your position. We will not be able to guarantee a position for you if, or when you return to work. We are

unable to continue to run our business effectively without someone actively filling the role of Operations Manager.

14. Defendant's stated position for moving to fill Plaintiff's job position of Operations Manager—"[w]e are unable to continue to run our business effectively without someone actively filling the role of Operations Manager"—does not qualify as a reason to deny job restoration to a key employee on FMLA leave under 29 C.F.R. §825.218(a) of the FMLA regulations.

15. On May 9, 2005, while Plaintiff was still off work on FMLA leave, Defendant sent Plaintiff a letter stating:

> As previously stated in our earlier correspondence, we consider you to be a "key employee". Based upon this "key employee" status, we have filled your position as of Friday, May 6, 2005, at 8:30 am. We did not receive your letter with your intent to return to work until May 6, 2005 at 11:30 am. At this time we do not have a position available for you to return to.

16. For reasons stated in paragraph numbers 8 and 14 above, Defendant could not deny job restoration to Plaintiff at the completion of Plaintiff's FMLA leave even if she was a "key employee."

17. When, on May 6, 2005, Defendant filled Plaintiff's job position of Operations Manager with someone else and when on May 9, 2005, Defendant advised Plaintiff it did not have a position available for her to return to, Defendant interfered with a right provided to Plaintiff under the FMLA as proscribed by 29 U.S.C. §2615(a)(1) and failed to restore Plaintiff on her return from FMLA leave to her job position of Operations Manager or to an equivalent position as prescribed by 29 U.S.C. §2614(a)(1).

### E. Prayer

18. For these reasons, Plaintiff asks for judgment against Defendant for the following:
    (a) Salary and employment benefits denied to Plaintiff since May 12, 2005;
    (b) Liquidated damages equal to the sum of the amount described in (a) above;
    (c) Reinstatement in the position of Operations Manager;
    (d) Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;
    (e) Pre and post judgment interest as allowed by law; and
    (f) All other relief to which Plaintiff may be entitled.

### F. Jury Demand

**Plaintiff demands trial by jury.**

        Respectfully submitted,

        AUTREY, AUTREY & STEWART
        501 East Sixth Street
        P. O. Box 960
        Texarkana, AR  75504-0960
        (870) 773-5684 telephone
        (870) 773-2900 fax

*Attorneys for Plaintiff*

By: _____
     Ned A. Stewart, Jr.
     TBN 19217980